**Dan PRONMAN, an individual, Gary**
**Pronman, an individual, Plaintiffs–**
**Counter Defendants–Appellants,**

**Movie Star Musclecars, Inc., a foreign**
**corporation, Plaintiff–Counter**
**Defendant,**

v.

**Brian STYLES, Samantha Styles,**
**Defendants–Counter Claimants–**
**Counter Defendants–Appellees,**

**Samantha Styles, as Trustee of the Sa-**
**mantha Styles Revocable Trust, Coun-**
**ter Claimant, Counter Defendant,**

Mr. Jeffrey S. Grubman, Defendant.

No. 15–12651

Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

March 9, 2016.

Dan Pronman, an individual, Coral Springs, FL, pro se.

Gary Pronman, an individual, Coral Springs, FL, pro se.

Laurie A. Thompson, Brett J. Horowitz, Weiner Lynne Thompson, PA, Delray Beach, FL, for Defendants–Counter Claimants–Counter Defendants–Appellees.

Jeffrey S. Grubman, Miami, FL, pro se.

Before TJOFLAT, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Dan Pronman and Gary Pronman, proceeding *pro se*, brought this trademark and copyright infringement action against Brian Styles and Samantha Styles asserting, in a ten-count complaint, claims under

the Copyright Act, 17 U.S.C. § 102(a); the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d); the Lanham Act, 15 U.S.C. § 1125; and state law.[1] The district court granted the Styleses a partial summary judgment on two of the Pronmans' claims, Doc. 382,[2] and following a bench trial found for the Styleses on the remainder of the their claims, Doc. 396, after which it entered judgment for the Styleses. Doc. 397.[3] The Pronmans appeal the judgment.

Regarding their copyright, the Pronmans argue that Brian Styles improperly obtained copies of the photographs they copyrighted and illegally published them on the internet, which necessitated the need for an injunction. With respect to the protection of their personal names and internet websites, they assert that personal names are protected under the ACPA regardless of proof of secondary meaning and that the Styleses violated their rights by infringing on the use of their names. Finally, they argue that the district court clearly erred in finding that one of their marks, Movie Star Musclecars, was merely descriptive, and that Brian Styles did not seek to profit from an allegedly infringing website, garypronman.com.[4]

## I.

We review a district court's grant of summary judgment *de novo*. *Galvez v. Bruce*, 552 F.3d 1238, 1241 (11th Cir.2008). "Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of fact and compels judgment as a matter of law." *Swisher Intern., Inc. v. Schafer*, 550 F.3d 1046, 1050 (11th Cir.2008); Fed.R.Civ.P. 56(c).

---

1. This case stems from a dispute in 2009 when Brian Styles entered into a contract with Movie Star Musclecars, Inc. to purchase an automobile. Styles paid for the automobile, but contended that it was never delivered. He sued the Pronmans in state court for breach of contract and then went online and created a "gripe" website about them. The Pronmans responded by bringing this action.

   The Pronmans' claims are asserted in a Third Amended Complaint ("complaint"). The complaint contains 10 counts. Doc. 296. They are styled as follows: Count I, Violations of the Anticybersquatting Consumer Protection Act, Lanham Act § 43(d), 15 U.S.C. § 1125(d); Count II, Federal Trademark Infringement and Unfair Competition, Lanham Act § 43(a), 15 U.S.C. § 1125(a); Count III, Federal Trademark Infringement and False Designation of Origin, Lanham Act § 32(1)(a), 15 U.S.C. § 1141(1)(a); Count IV, Federal Trademark Dilution, Lanham Act 43(c), 15 U.S.C. § 1125(c); Count V, Common Law Trademark Infringement; Count VI, Federal Copyright Infringement, Art. 5, Sec. 1 of the Berne Convention and 17 U.S.C. § 102(a); Count VII, Trademark Dilution, Fla Stat. § 495.151 *et seq.*; Count VIII, Unfair and Deceptive Trade Practices, Fla. Stat. § 501.201 *et seq.*; Count IX, Fraudulent Transfers and Conveyances, Uniform Fraudulent Transfer Act, Fla. Stat. 726.101, 11 U.S.C. § 1125(c); Count X, Preliminary and Permanent Injunction. Count X did not state a cause of action. Rather, it simply sought a remedy for Counts I–IX.

2. The district court's initial summary judgment order, Doc. 374, which dismissed Counts II, III, and IV in part, was reconsidered on the Styles's motion and modified in an order that set for trial the "marks and/or domain names ... Gpmusclecars.com and MovidstarsMusclecars.com." Doc. 382 at 2.

3. Prior to entering judgment, the district court struck MoviestarsMusclecars.com Inc. from the complaint as a plaintiff.

4. We have considered, and rejected, a request by the appellees to dismiss the appeal due to the plaintiffs' failure to comply with applicable rules of procedure, particularly concerning record citations. We also reject as meritless the plaintiffs' challenge to the magistrate judge's order denying in part their motion to compel discovery, because they failed to object to the magistrate judge's order and the magistrate judge did not abuse his discretion.

An "author has a valid copyright in an original work at the moment it is created—or, more specifically, fixed in any tangible medium of expression." *See Original Appalachian Artworks, Inc. v. Toy Loft,* 684 F.2d 821, 823 n. 1 (11th Cir.1982) (citing 17 U.S.C. § 102(a)). To establish a *prima facie* case for copyright infringement, a plaintiff must show (1) that he owns a valid copyright and (2) that the defendant copied constituent elements of the copyrighted work that are original. *Calhoun v. Lillenas Publ'g,* 298 F.3d 1228, 1232 (11th Cir.2002) (citation omitted). Assuming copyright infringement is proven, the plaintiff may recover his "actual damages and any additional profits of the infringer ... that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(a)(1) & (b). To prove actual damages, the plaintiff must "demonstrate a 'causal connection' between the defendant's infringement and an injury to the market value of the plaintiff's copyrighted work at the time of infringement." *Montgomery v. Noga,* 168 F.3d 1282, 1294 (11th Cir.1999). This injury is usually "measured by the revenue that the plaintiff lost as a result of the infringement." *Id.* at 1295 n. 19. With respect to profits, the plaintiff must show a causal relationship between the infringement and profits, and must also present proof of the infringer's gross revenue. *See* 17 U.S.C. § 504(b); *Montgomery,* 168 F.3d at 1296.

■ The district court properly granted the Styleses partial summary judgment on the Pronmans' allegation that Brian Styles violated their copyright. There was no evidence that photographs on the Styleses' websites impaired the value of the Pronmans' compilation, or that the Pronmans suffered any actual damages attributable to the infringement. 17 U.S.C. § 504(a)(1), (b). They failed to "demon-strate a 'causal connection' between the defendants' infringement and an injury to the market value of the plaintiffs' copyrighted work at the time of infringement." *Montgomery,* 168 F.3d at 1294. Specifically, in his 2014 deposition, Gary Pronman testified about the value of the photographs, but he did not know if there was a market for them. Dan Pronman testified that people used his photographs and expressed his opinion as to the photographs' value, but he said that no one had offered him any money for the photographs.

## II.

The ACPA provides a cause of action for a trademark owner against a person who has a bad faith intent to profit from the owner's mark and who "registers, traffics in, or uses" a domain name that is identical or confusingly similar to the owner's distinctive mark. 15 U.S.C. § 1125(d); *S. Grouts & Mortars, Inc. v. 3M Co.,* 575 F.3d 1235, 1243 (11th Cir.2009).

Trademark protection is only available to "distinctive" marks, that is, marks that serve the purpose of identifying the source of the goods or services. *Welding Servs., Inc. v. Forman,* 509 F.3d 1351, 1357 (11th Cir.2007) (quotation omitted). Personal names are not inherently distinctive; they are merely descriptive. *Investacorp, Inc. v. Arabian Inv. Banking Corp. (Investcorp) E.C.,* 931 F.2d 1519, 1520 (11th Cir. 1991).

■ A descriptive mark, though not inherently distinctive, can acquire distinctiveness, or "secondary meaning," by becoming associated with the proprietor's product. *Welding Servs., Inc.,* 509 F.3d at 1358. A name has acquired secondary meaning when the primary significance of the term in the minds of the consuming public is not the product but the producer. *Id.* We have decided that personal names are not inherently distinctive; instead,

they are merely descriptive. *Investacorp, Inc.*, 931 F.2d at 1520. Therefore, district court did not err in determining that the Pronmans' personal names used as marks required proof—which was not forthcoming—of a secondary meaning under the ACPAA.

## III.

In prosecuting this appeal, the Pronmans opted not to include a transcript of the bench trial. They memorialized this decision by checking the box on the Eleventh Circuit Transcript Information Form indicating that "No transcript is required for appeal purposes." Doc. 400. Although they contend that the record evidence available is sufficient to allow us to decide the issues presented to the district court at trial, without a complete transcript it is impossible for them to demonstrate that the court clearly erred in making its factual findings regarding whether Movie Star Musclecars, Inc.'s mark was merely descriptive and whether Brian Styles sought to profit from any domain. *See* Fed. R.App. P. 10(b)(2).[5] Put another way, without trial transcripts, we cannot adequately review the arguments the Pronmans address to any of the findings of fact and conclusions of law the district courts made pursuant to Federal Rule of Civil Procedure 52(a) following the bench trial. Those arguments consequently fail.

AFFIRMED.

---

**5.** Rule 10(b)(2), *Unsupported Finding or Conclusion*, states: "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion."